IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NADINE HOLMES, on behalf of herself and all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LIVE NATION ENTERTAINMENT, INC.,** *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-01138-JRR |

### MEMORANDUM OPINION

This matter comes before the court on Defendants' Motion to Transfer Venue. (ECF No. 11; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.   BACKGROUND**[1]

**A.  The Instant Action**

Plaintiff Nadine Holmes, on behalf of herself and all other similarly situated, filed the instant Class Action Complaint against Defendants on April 7, 2025. (ECF No. 1; the "Complaint.") Defendant Ticketmaster LLC ("Ticketmaster"), a limited liability company registered in Virginia with its principal place of business in Beverly Hills, California, provides "an online marketplace where consumers can buy and sell tickets for sports, concerts, and other live entertainment events." *Id.* ¶¶ 3, 22. Defendant Live Nation, Inc. ("Live Nation"), Ticketmaster's

---

[1] As described below, "in reviewing a motion to transfer, the court may consider evidence outside the pleadings." *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 133 (D. Md. 2024) (citation modified) (quoting *Siemens Energy, Inc. v. CSX Transp., Inc.*, No. RDB-15-1072, 2016 WL 1059261, at *2 n.2 (D. Md. Mar. 17, 2016)). The court may therefore consider the exhibits attached to Defendants' Motion in ruling on the Motion.

parent company, is incorporated in Delaware with a principal place of business in California. *Id.* ¶ 21.

The putative class action concerns Defendants' alleged "deceptive and manipulative use of a bait-and-switch scheme commonly known as 'drip pricing,'—a practice of advertising only part of a product's price and then revealing other charges in a non-initial step in the transaction as the consumer goes through the buying process." (ECF No. 1 ¶ 1.) Plaintiff alleges that, on November 23, 2024, while at her home in Maryland, she purchased two tickets from Ticketmaster via its website for a live event in Virginia. *Id.* ¶ 94. While Ticketmaster "initially advertised the two tickets as costing [$113] per ticket," or $226 total, her ultimate purchase totaled $279.45. *Id.* ¶¶ 95, 97. Plaintiff contends that Defendants "entice[] consumers to shop for tickets by displaying deceptively low prices that do not include mandatory fees." *Id.* ¶ 8. It is "[o]nly after a consumer has chosen tickets and invested time and effort clicking through an intentionally long, multi-page purchase process" that Defendants "reveal the mandatory fees added to the ticket price." *Id.*

Plaintiff urges that this practice violates the Maryland Consumer Protection Act, MD. CODE COM. L. §§ 13-301, *et seq.*, and asserts Counts I and II to that effect. (ECF No. 1 ¶¶ 117–45.) She seeks to represent a class defined as follows as:

> All residents of Maryland who, during the Class Period, paid a Mandatory Added Fee through the Ticketmaster Website or Ticketmaster App where the price initially displayed did not include the amount of the Mandatory Added Fee.

*Id.* ¶ 102. She also proposes the following subclass, excepting exclusions not reproduced here:

> All residents of Maryland who, on or after July 1, 2024, paid a Mandatory Added Fee through the Ticketmaster Website or Ticketmaster App where the price initially displayed did not include the amount of the Mandatory Added Fee.

*Id.*

### B. The *Madrigal* Action

On March 18, 2025, prior to Plaintiff's initiation of this action, a group of plaintiffs initiated a putative class action against Defendants in the U.S. District Court for the Central District of California—*Madrigal v. Live Nation Entertainment, Inc.*, Case No. 2:25-cv-2375 (C.D. Ca.). The *Madrigal* action, like this one, concerns Defendants' alleged "drip pricing practices" to collect "unfair and deceptive fees." (*Madrigal* Compl., ECF No. 11-4 ¶ 7; *Madrigal* Am. Compl., ECF No. 11-5 ¶ 7.) The *Madrigal* plaintiffs are from California (*Madrigal* Compl., ECF No. 11-4 ¶¶ 14–25); Florida, *id.* ¶¶ 26–40; New York, *id.* ¶¶ 41–48; and Illinois, *id.* ¶¶ 49–56. The *Madrigal* plaintiffs later amended their complaint to include a plaintiff from the District of Columbia. (*Madrigal* Am. Compl., ECF No. 11-5 ¶¶ 69–87.) Each *Madrigal* plaintiff seeks to represent a class from his or her respective state, defined as follows:

> All residents of the [State] who, during the Class Period, paid an Added Fee to Defendants through the desktop or mobile versions of https://www.livenation.com or https://www.ticketmaster.com or through Defendants' Apps where the price initially displayed to the consumer did not include the amount of the Added Fee.

*Id.* ¶¶ 167–72. Each plaintiff asserts claims under his or her respective state's laws. *Id.* ¶¶ 188–345.

### C. Relevant Procedural History

Following initiation of the instant action, Defendants now move to transfer the case to the Central District of California pursuant to operation of a binding forum selection clause and 28 U.S.C. § 1404(a). (ECF No. 11.) Plaintiff opposes the Motion. (ECF No. 14.) Defendant subsequently filed a motion to dismiss based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 16.) The court addresses here only the venue Motion. (ECF No. 11.)

3

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "In a motion to transfer venue pursuant to § 1404(a), the moving party bears the burden of showing, by a preponderance of the evidence, that transfer to another venue is proper." *Kimber v. Plus3 IT Sys., LLC*, No. CV ELH-18-3046, 2019 WL 1518970, at *3 (D. Md. Apr. 5, 2019). As such, the court "may consider evidence outside the pleadings" in ruling on the Motion. *Siemens Energy, Inc. v. CSX Transp., Inc.*, No. RDB-15-1072, 2016 WL 1059261, at *2 n.2 (D. Md. Mar. 17, 2016). Ultimately, "[t]he decision whether to transfer is committed to the sound discretion of the trial court." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008).

As a threshold matter, transfer under § 1404(a) may only occur where the transferee court is one where the case "might have been brought." 28 U.S.C. § 1404(a); *see Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 132 (D. Md. 2024) (discussing that the statutory language of § 1404(a) requires that "the transferee court must be a court in which the action could have been brought initially") (quoting *Kimber*, 2019 WL 1518970, at *3). Ultimately, consideration of transfer pursuant to § 1404(a) turns on four factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). A forum-selection clause may similarly "be enforced through a motion to transfer

4

under § 1404(a)."[2] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).

### III. ANALYSIS

Defendants move to transfer this action to the Central District of California. In addition to their argument related to a forum selection clause, which the court does not reach,[3] Defendants urge that transfer is warranted pursuant 28 U.S.C. § 1404(a) based predominantly on the related, and earlier-filed, *Madrigal* action. (ECF No. 11-1 at p. 1.) Plaintiff argues the 28 U.S.C. § 1404(a) factors do not favor transfer. (ECF No. 14 at p. 2)

As an initial matter, Plaintiff does not dispute that this action "might have been brought" in the Central District of California. 28 U.S.C. § 1404(a). An action "might have been brought" in the proposed transferee court where "the movant . . . show[s] that the district is a proper venue and that the transferee court would have personal jurisdiction over the defendant." *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 778 (D. Md. 2009) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d 627, 630 (E.D. Va. 2003)). As Defendants maintain their principal places of business in California, and within the jurisdiction of the Central District of California, Defendants have met their relevant threshold showing. *See* 28 U.S.C. § 1391(b)(1).

The court thus turns to its consideration of the 28 U.S.C. § 1404(a) factors. Defendants "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Constr. Co.*, Inc., 198 F. Supp. 2d 710, 711 (D. Md. 2002)

---

[2] Importantly, the Supreme Court's holding that such a forum selection clause should be "given controlling weight," "presupposes a contractually valid forum-selection clause," which has been challenged here. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 n.5, 63 (2013).
[3] Because the court concludes that transfer is warranted pursuant to 28 U.S.C. § 1404(a), the court declines to address Defendants' argument as to the enforceability of any forum selection clause. As such, Plaintiff's Motion for Leave to Provide Supplemental Authority in Support of Plaintiff's Opposition to Motion to Transfer Venue (ECF No. 24) addressing same will be denied.

(citations omitted). As stated above, "[a] motion to transfer under § 1404(a) 'calls on the district court to weigh in the balance a number of case-specific factors.'" *Capitol Payment Sys., Inc. v. Di Donato*, No. CV ELH-16-882, 2017 WL 2242678, at *7 (D. Md. May 23, 2017) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "These include: '(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice.'" *Id.* (quoting *Tr. of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)).

### A. Plaintiff's Choice of Venue

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Tr. of the Plumbers and Pipefitters Nat. Pension Fund*, 791 F.3d at 444 (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). "Indeed, unless the balance of factors points 'strongly in favor of the defendant, the plaintiffs' choice of forum should rarely be disturbed.'" *Kimber v. Plus3 IT Sys., LLC*, No. CV ELH-18-3046, 2019 WL 1518970, at *4 (D. Md. Apr. 5, 2019) (quoting *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)). "This is particularly true where 'the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action.'" *Id.* (quoting *comScore, Inc. v. Integral Ad Science, Inc.*, 924 F. Supp. 2d 677, 682 (E.D. Va. 2013)). In contrast, "in cases in which 'none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy,' deference is less appropriate." *Manne v. Jaddou*, No. CV 21-1092-PJM, 2022 WL 102853, at *7 (D. Md. Jan. 11, 2022) (quoting *United States ex rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 774-75 (D. Md. 2017)). Ultimately, "[t]he deference accorded to the plaintiff's choice of forum should be proportional to the relationship between the forum and the cause of action[,] and is lower when the plaintiff is not [a] citizen of

the state or the case does not otherwise have 'significant ties' to the forum." *Doe v. Choice Hotels Int'l, Inc.*, No. CV 24-3769-TDC, 2025 WL 2468510, at *11 (D. Md. Aug. 27, 2025).

Plaintiff, a Maryland resident, initiated this action in this forum on behalf of herself and other Maryland residents for alleged actions affecting Maryland residents under Maryland law. These facts support affording substantial weight to Plaintiff's choice of forum. *See Kimber*, 2019 WL 1518970, at *4, *supra*. Defendants do not mount a challenge to that; instead, they contend that the remaining factors outweigh the weight afforded to Plaintiff's choice of forum. (ECF No. 11-1 at pp. 7–8, 10–18.) Accordingly, in view of the foregoing, Plaintiff's choice of forum weighs significantly against transfer.

B. **Witness Convenience/Access and Convenience of the Parties**

The second and third factors require the court to consider the convenience of witnesses and the parties, respectively. Because the arguments and issues pertaining to witness convenience are limited to the parties and Defendants' employees, the court finds it efficient to analyze the two factors together. Relatedly, "the convenience of witnesses who are employees of a party is entitled to less weight because that party can obtain their presence at trial." *CV Restoration, LLC v. Diversified Shafts Sols., Inc.*, No. CV ELH-16-2102, 2016 WL 6648750, at *5 (D. Md. Nov. 10, 2016) (citing 15 WRIGHT & MILLER § 3851 p. 278).

"The convenience of the witnesses is 'perhaps the most important factor' in determining whether a transfer of venue should be granted." *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 136 (D. Md. 2024) (quoting *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008)). "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Koh v. Microtek Int'l*, 250 F. Supp.

7

2d 627, 636 (E.D. Va. 2003). Indeed, "'mere assertions of inconvenience or hardship are inadequate'; rather, movants must detail the specific hardships that witnesses will suffer by proceeding in the plaintiff's chosen venue." *Doe v. Choice Hotels Int'l, Inc.*, No. CV 24-3769-TDC, 2025 WL 2468510, at *11 (D. Md. Aug. 27, 2025) (quoting *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002)). "The movant must specifically show how the plaintiff's choice of venue visits specific hardship." *Doe v. Power Sols., LLC*, No. 8:21-CV-02300-PX, 2021 WL 5359667, at *3 (D. Md. Nov. 17, 2021) (citing *Int'l Masonry Training & Educ. Found. v. Hawaii Masons' Training Fund*, No. 3320-PX, 2019 WL 1492684, at *1 (D. Md. Apr. 3, 2019)).

Similarly, "[a] defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." *CV Restoration, LLC*, 2016 WL 6648750, at *6 (quoting 15 WRIGHT & MILLER § 3849 at 217). "The convenience of the parties' factor is 'chiefly operative' in cases where a plaintiff has chosen a forum away from either party's home." *Manne v. Jaddou*, No. CV 21-1092-PJM, 2022 WL 102853, at *8 (D. Md. Jan. 11, 2022). "[T]he party convenience factor includes assessment of the ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 (E.D. Va. 2005).

With regard to both witness and party convenience, "[t]ransfer of venue is inappropriate where it will merely shift the balance of convenience" from one party to another. *Doe v. Power Sols., LLC*, No. 8:21-CV-02300-PX, 2021 WL 5359667, at *3 (D. Md. Nov. 17, 2021) (citations omitted); *see US Wind Inc. v. InterMoor, Inc.*, No. CV SAG-19-02984, 2021 WL 4264826, at *3 (D. Md. Sept. 20, 2021) (discussing same for party convenience) (quoting *Dicken v. United States*, 862 F. Supp. 91, 93 (D. Md. 1994))

8

The parties here agree that Defendants have their principal places of business in Beverly Hills, California. (ECF No. 11-1 at pp. 16–17; ECF No. 1 ¶¶ 21–22.) Defendants further offer their initial disclosures in the *Madrigal* action, detailing their employees with relevant knowledge of the facts underlying key allegations and their LinkedIn profiles showing they do not reside in Maryland. (ECF Nos. ECF No. 11-6, 11-7.) While the convenience of these witnesses is less weighty because they are employees of Defendants, it nonetheless weighs (albeit modestly) in favor of transfer.

The instant matter does not present a situation where transfer would merely shift the inconvenience from one party (and its witnesses) to another. Indeed, Defendants submit evidence to support their claims that the inconvenience of being forced to litigate in two districts, including Maryland, far outweighs any inconvenience Plaintiff may experience by being forced to litigate her case in California. Defendants' inconvenience is particularly acute based on the preexistent *Madrigal* action and its shared nature with this later-filed action. Defendants (and their witnesses) will be forced simultaneously to litigate materially overlapping cases on opposite ends of the country. This will of course bring with it substantial duplicative efforts in all manner of litigation, including discovery efforts and obligations. The defense burden of such overlapping and substantial discovery will be particularly heightened because both actions are brought as consumer class actions, which, as Defendants rightly contend, place a burden on Defendants far greater than that posed by a typical non-class action. Further, while Plaintiff does not bear the burden on the Motion, Plaintiff, in contrast to Defendants, has offered no assertion of relevant witnesses (non-party or otherwise) that would be inconvenienced by a move from Maryland, save perhaps herself.[4]

---

[4] Plaintiff makes much of Defendants "regularly" conducting business in Maryland via Maryland box offices. Plaintiff may be correct, but her assertion bears on issues relevant to personal jurisdiction and not on the convenience (or inconvenience) of litigating in the forum.

Accordingly, the court finds these factors weigh slightly in favor of transfer.

### C. Interest of Justice

The final factor—and the one upon which Defendants chiefly rely—is the interest of justice. "This factor is 'amorphous and somewhat subjective,' and allows a court to 'consider many things.'" *Kimber v. Plus3 IT Sys., LLC*, No. CV ELH-18-3046, 2019 WL 1518970, at *6 (D. Md. Apr. 5, 2019). "In assessing whether transfer would meet the interest of justice, additional factors that the courts consider are the pendency of a related action, the court's familiarity with the applicable law, docket conditions, and the ability to join other parties." *Id.* at *6. It "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005). "Most prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgment." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006). "In some cases, 'the interest of justice may be decisive in ruling a transfer motion, even though the convenience of the parties and witnesses point in a different direction.'" *Id.* at 637 (quoting *Samsung*, 386 F. Supp. 2d at 716).

Defendants rely heavily on the public interest factor here, urging that the pending *Madrigal* action in the Central District of California "weighs heavily in favor of transfer." (ECF No. 11-1 at p. 11, citing *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 783–84 (D. Md. 2009).) As the *D2L* court explained:

> The interest of justice weighs heavily in favor of transfer when a related action is pending in the transferee forum. *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.,* 357 F.Supp.2d 924, 938 (E.D.Va.2005). Transfer is favored not only because litigation of related claims in the same tribunal may facilitate efficient pretrial proceedings and discovery but also because it avoids inconsistent results. *Id.* (*citing Berg v. First American Bankshares, Inc.,* 576 F.Supp. 1239, 1243 (S.D.N.Y.1983)). Transfer is favored even if it is uncertain whether the transferred case will be consolidated with the related pending case.

10

> The interest of justice also strongly favors transfer when a party has previously litigated a case involving similar issues and facts before the transferee court. *Id.* The transferee court's familiarity with the facts of the case and the applicable law promotes judicial economy. *Id.* Litigation in the same court avoids duplicative litigation when one court has already invested substantial time and energy in the related case. *Id.*

*D2L*, 671 F. Supp. 2d at 783–84 (footnote omitted).

In considering this factor, the court must "weigh the impelling need for efficiency in the administration of our court system against the right of the plaintiff to continue the trial in a forum [she] chose." *Adams Commc'n & Eng'g Tech., Inc. v. Aerovation, Inc.*, No. PWG 19-CV-3131, 2020 WL 3469664, at *4 (D. Md. June 25, 2020) (citation modified) (quoting *General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 368 (4th Cir. 1967)). "This factor tips the scale toward transfer if 'the proposed transfer will . . . better promote the interests of justice.'" *Id.* (quoting *Strategene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004)).

Defendants urge:

> There can be no question that the cases are related, as the plaintiffs in each: (1) assert that Live Nation and Ticketmaster's online ticket pricing is deceptive because Ticketmaster advertises a ticket price at the outset of a transaction while disclosing additional fees later in the purchase process; (2) assert statutory consumer protection claims premised on Live Nation and Ticketmaster's alleged deception; and (3) seek to represent putative statewide classes of consumers. The two lawsuits are so similar that it appears Plaintiffs copied and pasted many passages from the Madrigal complaint. Allowing these two related actions to proceed simultaneously in two different districts would needlessly expend judicial resources, inconvenience the parties, and potentially result in conflicting rulings—all of which would undermine the interest of justice.

(ECF No. 11-1 at pp. 1–2.)

Plaintiff concedes that the two cases "similarly challenge the drop pricing scheme of common defendants," but asserts that this case is not substantially similar to *Madrigal* based on the proposed class definitions and causes of action.[5]  (ECF No. 14 at p. 12.)

While the court appreciates that cases present different geographic classes, it is not persuaded that this weighs against transfer where the proposed class members in both actions are defined as those having been subject to the challenged alleged unlawful scheme.  To wit, Plaintiff here seeks to certify the following class as to Count I:

> All residents of Maryland who, during the Class Period, paid a Mandatory Added Fee through the Ticketmaster Website or Ticketmaster App where the price initially displayed did not include the amount of the Mandatory Added Fee.

(ECF No. 1 ¶ 102.)  Compare this to the proposed *Madrigal* classes (divided by state):

> All residents of the [State] who, during the Class Period, paid an Added Fee to Defendants through the desktop or mobile versions of https://www.livenation.com or https://www.ticketmaster.com or through Defendants' Apps where the price initially displayed to the consumer did not include the amount of the Added Fee.

(*Madrigal* Am. Compl., ECF No. 11-5 ¶¶ 167–72.)  To be sure, the proposed classes capture residents of different states, but they otherwise pertain to individuals who were subject to the same alleged unlawful scheme at issue in both actions.

Moreover, while Plaintiff's Maryland Consumer Protection Act claims are not currently at issue in *Madrigal*, Defendants correctly note that the underlying alleged conduct at issue is applicable to claims in both actions.  Further, Defendants aver that the claims overlap regarding "whether [Defendants'] conduct is likely to mislead a reasonable consumer" and the legality of

---

[5] While not dispositive, the court notes that Defendant compares paragraphs from both Plaintiff's Complaint and the *Madrigal* Complaint, with Plaintiff seemingly copying and pasting certain paragraphs in her Complaint from the *Madrigal* Complaint—a contention Plaintiff does not dispute.  (ECF No. 11-1 at pp. 5–6.)  Indeed, Plaintiff's reliance on and replication of allegations in the *Madrigal* Complaint certainly supports that the two actions meaningfully overlap in substance.

displaying a price without later-applied fees. (ECF No. 19 at pp. 9–10.) Plaintiff argues that her Maryland claims are different because the claims pending in *Madrigal* are based on different law, but she does not squarely address the obviously overlapping legal analysis of Defendants' challenged practices.

The court is persuaded that this action is significantly related to the first-filed *Madrigal* action, and that justice would be best served were this action to proceed in the *Madrigal* court. Indeed, absent transfer, Defendants "will be left to pursue simultaneous, overlapping litigation and discovery in two districts," resulting in disproportionately heavy burdens on them and their witnesses, and a readily avoidable burden on "the judicial system as a whole." *Cf. United States ex rel. VIB Partners v. LHC Grp., Inc.*, No. CV RDB-21-2232, 2022 WL 16575722, at *6 (D. Md. Nov. 1, 2022).

In view of the foregoing, the court agrees with Defendants that this factor weighs heavily in favor of transfer.[6]

## D. Consideration of the Factors

Upon consideration of the factors as a whole, the court concludes that transfer is appropriate pursuant to 28 U.S.C. § 1404(a). As Defendants argue, and the caselaw above confirms, the interest of justice are indeed substantial here based on a related case that bears on substantively similar, if not near-identical, issues. Further, the convenience factors similarly weigh slightly in favor of transfer based upon the same overlap. While the court appreciates that Plaintiff's choice of forum is entitled to substantial weight, especially where she asserts Maryland claims for Maryland residents, the court's evaluation and assessment of the other factors, as set

---

[6] The court observes that should the actions predicted in Defendants' Motion for Leave to File Notice of Supplemental Authority in Support of Defendants' Motion to Transfer Venue (ECF No. 26) come to pass, they would further support transfer. But such actions have not occurred. Defendants' motion at ECF No. 26 will therefore be denied.

forth above, overcome Plaintiff's choice. The court will therefore grant the Motion and transfer this case to the Central District of California.[7]

## IV. **CONCLUSION**

In view of the foregoing, Defendants have met their burden to persuade the court by a preponderance of the evidence that transfer is appropriate. The court concludes that transfer would "better and more conveniently serve the interests of the parties and witnesses[,] and better promote the interests of justice." *Jones v. Koons Auto.*, 752 F. Supp. 2d 670, 680–81 (D. Md. 2010). The Motion to Transfer will be granted. The court, therefore, will not address Defendants' motion to dismiss at ECF No. 16.

A separate order follows.

October 9, 2025

/S/
_____
Julie R. Rubin
United States District Judge

---

[7] Because the court concludes transfer is appropriate based upon the § 1404(a) factors, it does not reach Defendants' argument under the First-to-File Rule.